Shirleen **LUIS**, Plaintiff,

v.

**BAXTER HEALTHCARE CORPORATION,** Defendant.

No. 93 C 7690.

United States District Court, N.D. Illinois, Eastern Division.

July 11, 1996.

Thomas Brejcha, Abramson & Fox, Chicago, Illinois, for Plaintiff.

David J. Parsons, Jody A. Ballmer, Wildman, Harrold, Allen & Dixon, Chicago, Illinois, for Defendant.

## MEMORANDUM OPINION AND ORDER

DENLOW, United States Magistrate Judge.

Plaintiff Shirleen Luis (hereinafter "Luis"), a forty-one year old woman, brings this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*, alleging her employer, defendant Baxter Healthcare Corporation (hereinafter "Baxter") discriminated against her on the basis of age. Baxter now moves for summary judgment on the grounds that Luis has not established a *prima facie* case of discrimination and that there are legitimate, non-discriminatory reasons for her discharge.[1] The

court held oral argument on June 26, 1996 and has reviewed the voluminous documentation submitted by the parties. For the reasons set forth below, Baxter's motion for summary judgment is hereby granted.

## I. FACTUAL BACKGROUND

Baxter is a health care business, which operated a Prescription Service Division in Lincolnshire, Illinois. (Koontz Aff. ¶ 1). The mail order pharmacy employed over 450 employees, and filled prescriptions for Baxter's customers. (12 M ¶ 2). On December 12, 1989 Baxter hired Luis to work as a technician in the mail order pharmacy department. (Koontz Aff. ¶ 2).

Baxter's attendance policy provided that an employee would be subject to discipline, up to and including discharge, if an employee exceeded 10 "occurrences". (Def.Ex. B). This policy and its guidelines also allowed an employee to "make-up" time for certain pre-approved absences. (Def.Ex. C). However, make-up time was allowed on an "exception basis only", under the following circumstances:

(1) A request for make-up time, for up to a maximum of three hours, per week, was submitted in writing from the employee in advance;

(2) All of the employee's vacation, personal and sick days were exhausted prior to requesting make-up time;

(3) The make-up time request was for pre-approved medical reasons only; and

(4) The circumstances were so unusual that the employee would not be able to see a doctor on his or her own time. *Id.*

Make-up time is subject to a supervisor's approval and is allowed for up to a maximum of three hours, per week. *Id.* In early 1992, Luis began dental treatment during working hours for which she requested to make-up time, to avoid receiving an "occurrence" for her absence. (Pl.Dep. 215–21). Luis asked Baxter for an entire day off from work for her dental appointment and requested eight

---

1. The parties dispute whether Luis resigned or was discharged. However, the court in a motion for summary judgment must view the evidence in the light most favorable to the Plaintiff and will presume that Luis was discharged.

hours of make-up time in a single week. *Id.* Despite their policy to the contrary, Baxter allowed Luis to make-up a total of 28 hours, from 4 to 8 hours per week in 1992. (Koontz Aff. ¶¶ 11–12). No other technician was granted as much make-up time as Luis. (Koontz Aff. ¶ 12). After the make-up time was granted, Luis failed to show up for work when she was scheduled for make-up time. (Koontz Aff. ¶ 13). In addition Luis' requests for time off became more frequent. *Id.* As a result, Baxter informed Luis that no further exceptions would be made to the make-up time and attendance policy. *Id.*

On June 29, 1992, Baxter informed Luis that she must submit a written request for any further make-up time requests, specifying dates, times of her appointments and reasons why she could not get her dental work done during non-work hours. (Def.Ex. N). Luis refused to provide this information and insisted that she be allowed to make-up time on her own terms. (Koontz Aff. ¶ 15). Baxter attempted to work out a solution with Luis, and offered her several options to minimize the number of occurrences that she would incur by continuing to make non-qualifying appointments during work time. For example, Baxter informed Luis that she could: 1) use vacation days or personal days for her appointments; 2) leave work at 11:30 a.m. (take half a day); or 3) transfer to second shift. (Def.Ex. O). Luis refused each of these options and did not explain why she could not schedule her appointments during non-working hours. (Koontz Aff. ¶ 17). Luis left work on July 17, 1992 but was not formally terminated until October 9, 1992.[2] (Def.Ex. F–G, I).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *Celotex Corporation v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986). This stan-

dard is applied with added rigor in employment discrimination cases, where intent and credibility are crucial issues. *Sarsha v. Sears, Roebuck & Co.,* 3 F.3d 1035, 1038 (7th Cir.1993).

When reviewing the record on summary judgment, the court must draw all reasonable inferences in the light most favorable to the nonmovant. *Hill v. Burrell Communications Group, Inc.,* 67 F.3d 665, 667 (7th Cir.1995). To avert summary judgment, however, plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A dispute about a material fact is genuine only if the evidence presented is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A summary judgment proceeding is not a vehicle for the resolution of factual disputes; it is designed to determine whether there is any material dispute of fact that requires a trial. *Id.* If no reasonable jury could find for the party opposing the motion, it must be granted. *Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928, 931 (7th Cir.1995).

## III. ADEA STANDARD

The ADEA prohibits employers from discriminating against individuals forty years of age and older, 29 U.S.C. § 631(a), with respect to their compensation, terms, conditions or privileges of employment. 29 U.S.C. § 623(a). In order to maintain a claim under the ADEA, a plaintiff must establish that she would not have been treated adversely by her employer "but for" the employer's motive to discriminate against her because of her age. *Taylor v. Canteen Corp.,* 69 F.3d 773, 779 (7th Cir.1995). An ADEA plaintiff may establish age discrimination in one of two ways. She may present direct or circumstantial evidence that age was the determining factor in the adverse employment action, or she may invoke the burden-shifting method outlined in *McDon-*

---

**2.** As discussed earlier, the parties disagree as to whether Luis resigned or was terminated. However, for purposes of this motion the court will assume that Luis was terminated.

nell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to create an inference of age discrimination. *Taylor v. Canteen Corp.*, 69 F.3d 773, 779 (7th Cir. 1995); *Gadsby v. Norwalk Furniture Corp.*, 71 F.3d 1324, 1330–31 (7th Cir.1995).

▇ To prove discrimination under the McDonnell Douglas burden-shifting analysis, an ADEA plaintiff must establish a prima facie case by showing: (1) she was in the protected age group; (2) she was performing her job satisfactorily or was qualified for the job for which she applied; (3) she was discharged, not hired, not promoted, etc.; and (4) younger employees were treated more favorably. *O'Connor v. Consolidated Coin Caterers Corp.*, —— U.S. ——, ——, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996). If the plaintiff establishes a prima facie case, there is a rebuttable presumption of age discrimination, *see St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–08, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993), and the burden of production then shifts to the employer to articulate a legitimate non-discriminatory reason for discharging the plaintiff. *Taylor*, 69 F.3d at 779. If the employer meets its burden of production, the burden shifts back to the plaintiff to show that the employer's proffered explanation is merely a pretext for age discrimination. *Id.* At all times, however, the plaintiff retains the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against her based upon her age. *Hicks*, 509 U.S. at 510–11, 113 S.Ct. at 2749; *Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1123–24 (7th Cir.1994).

## IV. AGE DISCRIMINATION CLAIM

The court will discuss the evidence and draw all inferences in the light most favorable to the plaintiffs. Such a discussion should not be deemed to indicate that plaintiffs will ultimately prevail, or that the court believes that all of the evidence presented is necessarily credible, but rather that under the standards for summary judgment, such an examination of the facts is required.

▇ Luis has failed to establish a *prima facie* case of age discrimination. Luis was 41 at the time of the adverse employment decision and it is undisputed that Luis is a member of the protected age group. Luis also suffered an adverse employment action when she was terminated. However, Luis cannot establish the remaining elements of her *prima facie* case.

▇ Luis was not performing up to the reasonable expectations of Baxter. Baxter has established that Luis's absenteeism, her use of profanity, and behavioral problems resulted in decreased productivity and caused several disruptions in the workplace. (Def.Ex. J). Luis's attendance records reflect that in 1990, she took 9 sick days, 4 early leaves for personal reasons and 4 personal days without pay; in 1991, Luis took 17 sick days, left work early for personal reasons 4 times, and 1 personal day without pay; and in 1992 she took 8 sick days, left work early for personal reasons 4 times, and 1 personal day without pay. (Def.Ex. D). As a result Luis was warned about her behavior and eventually was terminated. *Id.* Luis offers only her own affidavits to contradict the evidence offered by Baxter. Luis must do more than challenge the judgment of her superiors through her own self interested assertions. *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir.1986).

Luis has failed to show that Baxter treated younger employees more favorably. In fact, Luis received more time off than is permitted by Baxter policy. (Def.Ex. D, L and M). Luis argues that she was treated differently because Baxter created a second make-up policy specifically for her which would limit the amount of time she could take off. (Pl. Oral Arg.). The difference in the policies is that Luis would only be permitted to receive three hours of make-up time every other week instead of receiving three hours per week. (Pla.Sec.Sup.Aff.Exs. A and L). However, Luis was never subjected to this new policy and more importantly Luis has not offered evidence which would convince a reasonable jury that the policy was age motivated. If no reasonable jury could find for the party opposing the motion, it must be granted. *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir.1995). Therefore, because Luis has failed to establish a *prima facie* case of age discrimination Baxter's motion for summary judgment is granted.

Although Luis has not established a *prima facie* case, the court will also address the reasons given by Baxter as to why they terminated Luis. Accordingly, the court will assume, *arguendo*, that Luis has satisfied all four elements of her *prima facie* case with respect to her discharge.

The court finds that Baxter has articulated legitimate, non-discriminatory reasons for its actions and that Luis has failed to bring forth evidence that Baxter's reasons are a pretext and that Luis' discharge was in fact motivated by age.

To survive a motion for summary judgement, Luis had to counter Baxter's affidavits with materials of evidentiary quality that created an issue of fact as to whether the reasons offered by Baxter for terminating Luis were pretextual and that discrimination was the real reason for the discharge. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

Baxter has proffered as a reason for Luis's discharge that she had excessive absences and her behavior was disruptive. Baxter, through company records, has shown all the time Luis has missed and the warnings she received for her absences and her behavior. (Def.Exs. D and J). Luis offers only her self-serving affidavit that she believes Baxter has discharged her because of her age. Luis must do more than challenge the judgement of her superiors through her own self interested assertions. *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir.1986).

This court does "not sit as a super-personnel department that reexamines an entity's business decisions." *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 373 (7th Cir.1992). The issue of pretext does not address the correctness or desirability of reasons offered for employment decisions. Rather, it addresses the issue of whether the employer honestly believes in the reasons it offers. *Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655, 658–659 (7th Cir.1991). Baxter has provided company records and an affidavit which indicate their policy regarding absen-

teeism and behavioral problems. Luis has not offered any evidence which creates an issue of fact that Baxter was lying about their reason for terminating her.

Luis argues that Louis Ruffin, her primary supervisor, made various comments regarding her age.[3] These comments were allegedly made in March or April of 1991. (Pla.Aff.¶ 8). The Seventh Circuit has noted that "such remarks, when unrelated to the decisional process, are insufficient to demonstrate that the employer relied on illegitimate criteria." *Smith v. Firestone Tire and Rubber Co.*, 875 F.2d 1325, 1330 (7th Cir. 1989). Also, in *La Montagne v. American Convenience Products, Inc.*, 750 F.2d 1405, 1412 (7th Cir.1984), the court held that statements made by two officers of the employer inferior to the official who made the termination decision were not probative of the discharging official's intent and without more, no reasonable jury could find that the discharging official had intended to discriminate. While Mr. Ruffin was Luis's primary supervisor he was not involved in the decision to terminate Luis. In opposing Baxter's summary judgment motion, Luis has failed to provide the requisite nexus between Mr. Ruffin's comments and Baxter's decision to terminate her. "[E]vidence of the remarks without more, does not give rise to an inference of discrimination." *Hong v. Children's Memorial Hospital*, 993 F.2d 1257, 1265 (7th Cir.1993). Accordingly, Baxter's motion for summary judgment is granted.

## V. CONCLUSION

For the foregoing reasons, **Baxter's motion for summary judgment is hereby GRANTED.**

**SO ORDERED.**

---

3. Luis also refers to various sexual comments allegedly made by Ruffin. However, because this is an action for age discrimination those comments will not be addressed.